**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | **Misty Dawn Wright,** | ) | Bankruptcy No. **22-50169** |
| | Debtor ) | Chapter 13 |
| | **Misty Dawn Wright,** | ) | |
| | Plaintiff ) | Adv. Proc. No.   **22-** _____ |
| | v. | ) | |
| | | ) | |
| | **Copper of KC, LLC and Bessine** | ) | |
| | **Walterbach, LLP,** | ) | |
| | | ) | |
| | Defendants ) | |

## <u>ADVERSARY COMPLAINT FOR RECOVERY OF MONEY OR PROPERTY</u>

COMES NOW Plaintiff-Debtor Misty Dawn Wright ("Plaintiff"), by and through her

undersigned counsel, and, for her Complaint against Copper of KC, LLC and Bessine Walterbach, LLP ,

(collectively, "Defendants") for return of money or property, states as follows:

1.     On July 7, 2022, Plaintiff filed her Petition and Plan for Chapter 13 relief, thereby giving

rise to this instant Adversary proceeding.

2.     Venue and jurisdiction herein are proper pursuant to 28 U.S.C.§1334. This is a core

proceeding. Plaintiff consents to the Bankruptcy Court entering a final judgment on the

merits.

3.     Plaintiff is the Debtor in the above-captioned bankruptcy and an individual, residing in

Platte City, MO.

4.     Defendant Copper of KC, LLC is a Missouri Limited Liability Company, with a principal

address, according to the website of the Missouri Secretary of State, of 7 NW 72nd St, Ste.

301, Gladstone, MO  64118.  Its registered agent is listed as Jennifer Langston-Justus.

5.     Defendant Bessine Walterbach, LLP is a Missouri limited liability partnership with a

principal address, according to the website of the Missouri Secretary of State, of 3000 NE

Brooktree Lane, Ste. 100, Kansas City, MO  64119. Its registered agent is Scott

Walterbach.

Pre-Bankruptcy Conduct

6.      In 2022, Defendant Copper commenced a suit captioned 22CY-CV01411, Copper of KC, LLC vs. Misty D. Wright in the Circuit Court of Clay County, Missouri, 7th Judicial District.

7.      Defendant Bessine was the attorney of record in the above referenced Circuit Court case.

8.      Judgment in favor of Copper and against Plaintiff was entered by the Circuit court of Clay County, Missouri on March 14, 2022.

9.      On or around June 24, 2022, Defendants withdrew funds of approximately $1,522.54 from Plaintiff's Bank of America accounts – an Advantage Plus banking account ending in 2630, and a second Advantage Plus Banking account ending in 4589.

Post-Petition Conduct

10.     On July 18th, 2022, following the Plaintiff's bankruptcy filing, Counsel for Plaintiff mailed to Defendant Bessine a demand for return of the $1,522.54, asserting that the post-judgment levy of these funds constitutes a preference under 11 U.S.C. §547 and is recoverable by the Plaintiff.

11.     Defendant Bessine did not respond in writing or otherwise to the demand for return of the funds.

Count I:  Recovery of Money or Property – Fed. R. Bankr. P. 7001(1)

12.     11 U.S.C. §547(b) provides that "the trustee may…avoid any transfer of an interest of the debtor in property -

        (1) to or for the benefit of a creditor;

        (2) for or on account of an antecedent debt owed by the debtor before such

transfer was made;

(3) made while the debtor was insolvent;

(4) made -

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the

petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if -

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by

the provisions of this title.

13. The Plaintiff as Debtor in this Chapter 13 case has the authority to pursue this recovery.

14. The transfer in question exceeded $600 and the debts are primary consumer debts, thus 11 U.S.C. §547(c)(8) does not prevent recovery.

15. The money in the Plaintiff's Bank of America accounts at the time of the seizure was an interest of the Debtor in property.

16. The transfer was made for the benefit of a creditor, specifically defendant Copper.

17. The debt to Copper was an antecedent debt, having been reduced to judgment prior to seizure of the funds.

18. The Plaintiff was insolvent at the time of seizure of the funds. As of the July 7, 2022 bankruptcy schedules, her assets were valued at $22,903.65, and her debts were scheduled at $29,656.44.

19. The transfer was made within 90 days of the debtor (the Plaintiff) filing for bankruptcy.

20. The Plaintiff's Chapter 13 plan has not yet been confirmed, but proposes to pay creditors $9,361.28, including any recovery of funds from this adversary proceeding. Absent this

recovery, the proposed LAP plan to creditors would pay less than $5,000 based on pre-petition payments to unsecured creditors.

21.     Therefore, with claims as scheduled, Defendants would receive less through this Chapter 13 Plan than they did through the levy of the Plaintiff's bank accounts.

WHEREFORE, Plaintiff  prays the Court for a judgment ordering that Defendants, jointly and severally, repay the Plaintiff $1,522.54, plus attorney's fees and costs for bringing this action, along with any further relief appropriate under the circumstances.

Dated: 08/03/2022                    Respectfully submitted,
                                     WM Law

                                     */s/ Ryan A. Blay*
                                     Ryan A. Blay, MO #KS001066
                                     15095 W. 116th St.
                                     Olathe, KS 66062
                                     Phone (913) 422-0909 / Fax (913) 428-8549
                                     blay@wagonergroup.com
                                     ATTORNEYS FOR PLAINTIFF/DEBTOR